UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO ANTONIO MORENO,<br><br>Petitioner,<br><br>v.<br><br>DAVID BREWER,<br><br>Respondent. | No. 2:23-cv-0117 DB P<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED AS MOOT |

Petitioner, a federal prisoner, proceeds without counsel with a petition for writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1.) Petitioner has paid the filing fee. Upon screening of the petition, it appears the petition is moot. Before the undersigned recommends dismissal of the petition, petitioner is ordered to show cause why the petition should not be dismissed as moot.

**I. Screening Standards**

In screening the petition brought under 28 U.S.C. § 2241, the court applies the Rule 4 framework of the Rules Governing Section 2254 Cases in the United States District Court. 28 U.S.C. foll. § 2254 ("Habeas Rules", Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."). In screening the petition, the court evaluates whether it "plainly appears" petitioner is not entitled to relief. See Habeas Rules, Rule 4. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief," the petition must be dismissed. Id.

1

The court may summarily dismiss a petition for writ of habeas corpus on its own motion after providing the petitioner with adequate notice and an opportunity to respond. Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001). A court should not dismiss a petition for habeas corpus without leave to amend unless it appears no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971) (per curiam).

**II. Allegations in the Petition**

Petitioner claims he is entitled to relief under the First Step Act of 2018[1] in the form of additional sentence credits. Petitioner alleges he has accrued earned time credits which the Bureau of Prisons ("BOP") has not applied to his sentence. (ECF No. 1 at 6.)

**III. The Petition is Moot**

The Bureau of Prisons ("BOP") inmate locator indicates petitioner was released from BOP custody on April 4, 2023. See Federal Bureau of Prisons, Inmate Locator, https://www.bop.gov/inmateloc/ (last visited May 26, 2023). Because petitioner has been released from BOP custody, no further relief remains to be granted in this case, and the petition is moot.

A federal court's jurisdiction is limited to actual cases or live controversies. Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990). To avoid a dismissal for mootness, "[t]he parties must continue to have a 'personal stake in the outcome' of the lawsuit. Id. at 478 (quoting Los Angeles v. Lyons, 461 U.S. 95, 101 (1983)). "If an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed." Am. Rivers v. Nat'l Marine Fisheries Serv., 126 F.3d 1118, 1123 (9th Cir. 1997)

Release from detention does not necessarily moot a habeas petition. See Abdala v. I.N.S., 488 F.3d 1061, 1063-64 (9th Cir. 2007). If, however, a habeas petition solely seeks release from custody, and the petitioner is released, then the petition is generally rendered moot. See Picrin–Peron v. Rison, 930 F.2d 773, 776 (9th Cir. 1991). Once the sentence has expired, some "concrete

////

---

[1] The First Step Act, signed into law on December 21, 2018, allows eligible prisoners to earn time credits against their sentences for successfully completing certain "recidivism reduction programming" or "productive activities." 18 U.S.C. § 3632(d)(4); see Pub. L. No. 115-391, 132 Stat. 5194 (2018).

and continuing injury" must exist in order for the suit to be maintained. <u>Spencer v. Kemna</u>, 523 U.S. 1, 7 (1998).

Here, for relief, the petition seeks application of time credits under the FSA and release from custody. (ECF No. 1 at 11.) However, the FSA does not provide for reduction of supervised release terms. <u>See</u> <u>Sila v. Warden</u>, No. EDCV-22-1632-RSW-LAS, 2023 WL 2504476, at *2 (C.D. Cal. Feb. 13, 2023) (citing collected cases), report and recommendation adopted, No. EDCV-22-01632-RSW-LAS, 2023 WL 2504989 (C.D. Cal. Mar. 13, 2023). In addition, FSA credits cannot be used to shorten a term of supervised release. <u>See id.</u>; <u>Kelley v. Brewer</u>, No. 2:22-CV-01777-DJC-CKD, 2023 WL 2992823, at *3 (E.D. Cal. Apr. 18, 2023), report and recommendation adopted, No. 2:22-CV-01777-DJC-CKD-P, 2023 WL 3467161 (E.D. Cal. May 15, 2023). The petition does not allege a concrete and continuing injury in the form of any collateral consequences arising from BOP's calculation of petitioner's FSA credits. Because the petition seeks release from custody and petitioner has been released from custody, the petition is moot. <u>See</u> <u>Picrin–Peron v. Rison</u>, 930 F.2d at 776.

**IV.  Conclusion and Order**

The petition for relief under 28 U.S.C. § 2241 is moot. Before the undersigned recommends dismissal of the petition, petitioner is ordered to show cause in writing why the petition should not be dismissed as moot because of petitioner's release from BOP custody.

In accordance with the above, IT IS HEREBY ordered:

1. Within 30 days of the date of this order, petitioner shall show cause in writing why the petition should not be dismissed as moot.

2. Petitioner is cautioned that failure to respond to this order will result in a recommendation that this action be dismissed.

Dated:  June 2, 2023

DLB7
more0117.scrn

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

3